IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS

RON HAYES                                                    PLAINTIFF

vs.                        Case No. _15-4046_

ARKANSAS DEPARTMENT OF CORRECTIONS,
WENDY KELLEY, DIRECTOR, ARKANSAS DEPARTMENT OF
CORRECTIONS INDIVIDUALLY AND IN HER OFFICIAL CAPACITY
COMMUNITY EDUCATION CENTERS, CEC WARDEN SHANE CAMPBELL
INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY,
CHRISTOPHER WILLIAMS INDIVIDUALLY AND IN HIS OFFICIAL
CAPACITY,
ROCKY BARNETT INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY,
BRANDON SUMNER INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY,
JOHN GOOD INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY,
RICHARD NICHOLS INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY,
JOHN DOES INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITIES

DEFENDANTS

## COMPLAINT

Plaintiff Ron Hayes, for his claims and causes of action, states the following:

## I.   Introduction

Plaintiff Hayes's right to be free from excessive force under the Fourth and Fourteenth Amendments of the United States Constitution was violated and he was the victim of battery under Arkansas law.   Plaintiff seeks relief under 42 U.S.C. §1983, Ark., and Arkansas tort law. Plaintiff asserts state law claims of negligence, battery, and outrage, together with claims pursuant to the Arkansas Civil Rights Act, *Ark. Code Ann.§ 16-123-101, and Ark. Code Ann.§ 16-118-107,* based on injuries suffered as a result of Defendant's felonious conduct. They also seek declaratory judgment and an injunction under 28 U.S.C. §§ 2201 and 2202.

1

## II.    Parties and Jurisdiction

1.    Plaintiff Ron Hayes is a resident of Texarkana, Miller County, Arkansas.

2.    Arkansas Department of Corrections a public body corporate.

3.    Community Education Centers is a private body corporate doing business in the State of Arkansas.

4.    Wendy Kelley is sued individually and in her official capacity as the chief policy.

5.    Campbell was responsible for the hiring, training, supervision, discipline, and control of all employees at the Bi-State. Campbell is, and was, constitutionally and statutorily responsible for the operation, practices, and totality of conditions to which inmates who are subjected. Campbell, at all times herein, was acting in such capacity as the chief policy maker, agent, servant, and employee of the Bi-State Jail.

6.    At the time of the incident described further herein, on information and belief, Defendants Williams, Barnett, Sumner, Good, Nichols, and Doe(s) were and currently are residents of Miller County, Arkansas.

7.    This action is brought pursuant to 42 U.S.C. §1983 and the Fourth and Fourteenth Amendments to the U.S. Constitution and the Arkansas Civil Rights Act. This Court has jurisdiction over the parties and subject because the action involves a deprivation of civil rights arising under the Constitution, and this Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

8.    Venue is proper pursuant to 28 U.S.C. § 1391(b) because the acts complained of occurred in Miller County in Arkansas, which is located in the Western District of Arkansas.

2

## III.   Facts

9.     On May 12, 2012 Ron Hayes was arrested by the Texarkana Police Department and taken to the Bi-State Jail in Miller County Arkansas. On May 14, 2012, Hayes received a jail visit from his wife. Sometime after the visit, Hayes was beaten by Bi-State jail correctional officers at the facility. The correctional officers broke Mr. Hayes' collarbone as well as his nose. Christopher Williams, Rocky Barnett, Brandon Sumner, John Good, Richard Nichols and at least two John Does were the correction officers who participated in the beating of Ron Hayes. Hayes was kept in isolation until June 7th, 2012, when he was scheduled for a hearing in District Court.

## IV.   Federal Civil Rights Violation under 42 U.S.C. § 1983

10.     Plaintiffs specifically adopt by reference the allegations contained in Paragraphs 1 through 8, *supra*.

11.     The reckless and intentional acts of Defendants Williams, Barnett, Sumner, Good, Nichols, and Doe(s)constitute unnecessary, unreasonable and excessive force in violation of the Fourth Amendment to the United States Constitution guarantee against unreasonable seizures, as made applicable to the States by the Fourteenth Amendment.  Such acts of Defendants Williams, Barnett, Sumner, Good, Nichols, and Doe(s) while acting under color of state law are sufficient to invoke an action under 42 U.S.C. Section 1983 against them for which Plaintiffs seeks damages as set forth, *infra*.

12.     Plaintiffs reserve the right to amend their complaint.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff Ron Hayes prays the Court enter a judgment granting the following relief:

3

a.      a declaratory judgment that the Defendants' actions, policies and practices complained of herein violated Hayes rights as secured by the Fourth and Fourteenth Amendments to the U.S. Constitutions and Art.2 §§ 8 and 9 of the Arkansas Constitution;

b.      damages against the Defendants in an amount sufficient to compensate Ron Hayes for damages proximately caused by the acts of the Defendant including, but not limited to, the conscious pain, suffering and mental anguish, medical bills incurred, for, all in the amount in excess of the minimum jurisdictional amount for federal jurisdiction in diversity of citizens cases; and for punitive damages in an amount in excess of the minimum jurisdictional amount for federal jurisdiction in diversity of citizens cases which should be determined by a jury; and

c.      reasonable attorney's fees and costs as allowable under 42 U.S.C. § 1988;

All to be determined by a jury.

Respectfully submitted,

Lawrence A. Walker AB#12042
1723 Broadway
Little Rock, AR 72206
501-374-3758
501-374-4187 fax

4