IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

RON HAYES                                                                                         PLAINTIFF

      v.                             Civil No. 4:15-CV-04046

                                                                                                DEFENDANTS

ARKANSAS DEPARTMENT OF
CORRECTION; COMMUNITY EDUCATION
CENTERS; WENDY KELLEY, DIRECTOR
OF THE ARKANSAS DEPARTMENT OF
CORRECTION; WARDEN SHANE CAMPBELL;
CHRISTOPHER WILLIAMS; ROCKY BARNETT;
BRANDON SUMNER; JOHN GOOD;
RICHARD NICHOLS; and JOHN DOES

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

      This is a civil rights case filed by the Plaintiff pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2015), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

      Currently pending before me are two Motions to Dismiss (ECF Nos. 8 &10). The first Motion to Dismiss (ECF No. 8) was filed on behalf of the Arkansas Department of Correction (ADC) and ADC Director Wendy Kelley. Plaintiff has filed a response (ECF No. 15) to this Motion and the ADC Defendants replied (ECF No. 19). The second Motion to Dismiss (ECF No. 10) was filed on behalf of Community Education Centers, Inc. (CEC). Plaintiff has not responded to this Motion.

**1.  Background**

Plaintiff was arrested on May 12, 2012, by the Texarkana Police Department and taken to the Bi-State Jail.  While incarcerated there, Plaintiff alleges he was beaten by Defendants Williams, Barnett, Sumner, Good, Nichols, and two John Doe officers.  Plaintiff suffered a broken collarbone and nose.

Plaintiff brings an excessive force claim under the Fourth Amendment to the United States Constitution.  He also brings the following state law claims: negligence; battery; outrage; and a violation of the Arkansas Civil Rights Act.  As relief, Plaintiff seeks a declaratory judgment, compensatory and punitive damages, and attorney's fees and costs.

**2.  Applicable Standard**

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.'" *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009)(*quoting Ashcroft v. Iqbal*,556 U.S. 662, 678 (2009)).

"The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a 'sheer possibility.'" *Braden*, 588 F.3d at 594 (*quoting Iqbal*, 556 U.S. at 678).  The standard does "not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation," or reasonable inference, that the "defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *see also Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)(While *pro se* complaints are liberally construed, they must allege sufficient facts

to support the claims.).

### 3.  ADC Motion (Doc. 8)

The ADC Defendants move to dismiss the case on the grounds that Plaintiff was not incarcerated in an ADC facility at the time relevant to the Complaint and was not on parole.  In opposition, the Plaintiff argues that the State of Arkansas and the Arkansas Department of Correction "have some supervisory role with respect to private prisons operating within the State."

The ADC Defendants are entitled to dismissal of the claims against them.  First, there are insufficient factual allegations to state a plausible claim.  Plaintiff has alleged he was held in a County Jail and there are no allegations to suggest he was in ADC custody or that the ADC Defendants had any authority over him.

Second, even if we assume for purposes of this Motion that the ADC Defendants had a supervisory role over the Bi-State Jail, there is no basis of liability under § 1983.  Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States.  In order to state a claim under 42 U.S.C. § 1983, plaintiff must allege that the defendant acted under color of state law and that he violated a right secured by the Constitution. *West v. Atkins*, 487 U.S. 42 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir.1999).  The deprivation must be intentional; mere negligence will not suffice to state a claim for deprivation of a constitutional right under § 1983. *Daniels v. Williams*, 474 U.S. 327 (1986); *Davidson v. Cannon*, 474 U.S. 344 (1986).

A claim of deprivation of a constitutional right cannot be based on a *respondeat superior* theory of liability.  *See Monell v. Department of Social Servs*, 436 U.S. 654, 694 (1978).  "[A] supervisor is not vicariously liable under 42 U.S.C. § 1983 for an employee's unconstitutional

activity." *White v. Holmes*, 21 F.3d 277, 280 (8th Cir. 1994); *see also Whitson v. Stone County Jail*, 602 F.3d 920, 928 (8th Cir. 2010) ("In a § 1983 case, an official is only liable for his own misconduct and is not accountable for the misdeeds of his agents under a theory such as respondeat superior or supervisor liability") (internal quotations omitted); *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) ("general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability").

"Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights. To establish personal liability of the supervisory defendants, [Plaintiff] must allege specific facts of personal involvement in, or direct responsibility for, a deprivation of his constitutional rights." *Clemmons v. Armontrout*, 477 F.3d 962, 967 (8th Cir. 2007) (*quoting Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006)).

There are no allegations that the ADC Defendants were involved in any way with the actions at issue in this case. There is no allegation that the ADC Defendants determined where the Plaintiff should be housed. No plausible claim has been stated against the ADC Defendants.

**4. CEC Motion** (Doc. 10)

The CEC moves for dismissal on the following grounds: it was not served within one hundred and twenty (120) days as required by Rule 4(m) of the Federal Rules of Civil Procedure; the statute of limitations bars the battery claim; it is entitled to acquired qualified immunity; and the factual allegations are insufficient to state a claim against it.

Plaintiff did not respond to or oppose this Motion. The Complaint was filed on May 14, 2015. Rule 4(m) required CEC to be served by September 11, 2015. CEC was not served until September 14, 2014. The service was untimely.

### 5.  Conclusion

For the reasons stated, I recommend that the Motions to Dismiss (ECF Nos. 8 & 10) be **GRANTED** and all claims against the ADC, Wendy Kelley, and the CEC be dismissed.

**The parties have fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 5th day of November 2015.

                                           /s/ Barry A. Bryant
                                           HON. BARRY A. BRYANT
                                           UNITED STATES MAGISTRATE JUDGE